**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Franco Allegria Susanibar,<br><br>      Petitioner<br><br>v.<br><br>DHS, et al.,<br><br>      Respondents | Case No. 2:26-cv-01445-JAD-NJK<br><br>**Service of 28 U.S.C. § 2241 Petition, Appointment of Counsel, and Order to Show Cause**<br><br>[ECF Nos. 1, 1-1, 1-2] |

Petitioner Franco Allegria Susanibar, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel.[1]  Having conducted a preliminary review of the petition under the Rules Governing Section 2254 Cases,[2] I direct that it be served on the United States Attorney's Office for the District of Nevada.  Susanibar has already filed another § 2241 federal habeas petition challenging his immigration detention.[3]  **So he is ordered to show cause why his petition should not be dismissed without prejudice as duplicative of his earlier filed § 2241 federal habeas petition.**  I also find that appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file a response to this order to show cause.[4]

---

[1] ECF Nos. 1, 1-1, 1-2.

[2] I apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

[3] *See Susanibar v. Blanche*, Case No. 2:26-cv-01331-GMN-NJK.

[4] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

IT IS THEREFORE ORDERED that the IFP application **[ECF No. 1] is GRANTED.**

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF No. 1-2] is GRANTED.  The Federal Public Defender for the District of Nevada is appointed to represent the petitioner** and must file a notice of appearance within 7 days of the date of this order.  If the Federal Public Defender is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the Federal Public Defender files a notice of appearance in this matter, it will then have **7 days to file a response to the ORDER TO SHOW CAUSE why the petition should not be dismissed without prejudice as duplicative** of his earlier filed petition in *Susanibar v. Blanche*, Case No. 2:26-cv-01331-GMN-NJK.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to:**

1. **FILE** the petition (ECF No. 1-1)

2. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

4. **SEND**, through CM/ECF, a copy of the petition (ECF No. 1-1) and this order to counsel for John Mattos: Ashlee Hesman at ahesman@strucklove.com.

2

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada must file a notice of appearance within 7 days of this order.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

IT IS FURTHER ORDERED that **the respondents shall not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation**.[5]  In the event of lawful deportation, the respondents' counsel must file a notice with the court within 5 days after deportation.

_____
U.S. District Judge Jennifer A. Dorsey
May 13, 2026

---

[5] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").